IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTA FLORENCE | ) | CASE NO. |
| 2604 East State Route 18 | ) | |
| Tiffin, Ohio 44883 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| BON SECOURS MERCY HEALTH, INC. | ) | |
| 1701 Mercy Health Place | ) | **JURY DEMAND ENDORSED** |
| Cincinnati, OH  45237 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| CORPORATION SERVICE CO. | ) | |
| Statutory Agent | ) | |
| 3366 Riverside Drive, Ste. 103 | ) | |
| Upper Arlington, OH  43221 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MERCY HEALTH - TIFFIN HOSPITAL | ) | |
| LLC | ) | |
| 45 St. Lawrence Drive | ) | |
| Tiffin, Ohio 44883 | ) | |
| | ) | |
| **Serve also:** | ) | |
| Mercy Health - Tiffin Hospital LLC | ) | |
| c/o Steven C. Hahn | ) | |
| 2409 Cherry Street, MOB 1 | ) | |
| 4th Floor | ) | |
| Toledo, Ohio 43608 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MERCY HEALTH TIFFIN HOME CARE | ) | |
| 40 Fair Lane | ) | |
| Tiffin, Ohio 44883 | ) | |
| Defendants. | ) | |

Plaintiff, Christa Florence, by and through undersigned counsel, as her Complaint against

the Defendants, states and avers the following:

**PARTIES**

1.    Florence is a resident of the city of Tiffin, county of Seneca, state of Ohio.

2.    Bon Secours Mercy Health, Inc. is a foreign corporation that operates a place of business located at 40 Fair Lane Tiffin, Ohio 44883.

3.    Mercy Health -Tiffin Hospital LLC is a limited liability corporation that operates a place of business under the name Mercy Health Tiffin Home Care, located at 40 Fair Lane Tiffin, Ohio 44883.

4.    Bon Secours Mercy Health, Inc. is the parent company of Mercy Health -Tiffin Hospital LLC and Mercy Health Tiffin Home Care.

5.    Bon Secours Mercy Health, Inc., Mercy Health -Tiffin Hospital LLC, and Mercy Health Tiffin Home Care share the same property, employees, and their practices are so similar, that they practically form the same business.

6.    During all material events asserted herein, Bon Secours Mercy Health, Inc., Mercy Health -Tiffin Hospital LLC, and Mercy Health Tiffin Home Care were joint employers of Florence and jointly referred to herein as Mercy Health.

7.    Mercy Health was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. § 12101 *et seq.*

8.    Mercy Health was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C § 2601 *et seq.*

9.    Mercy Health was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

10.   All material events alleged in this Complaint occurred in the county of Seneca.

## JURISDICTION & VENUE

11.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Florence is alleging federal law claims under The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*., and The Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

12.  This Court has supplemental jurisdiction over Florence's state law claims pursuant to 28 U.S.C. § 1367, as Florence's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

14.  Within 300 days of the conduct alleged below, Florence filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00601 against Mercy Health operating at 40 Fair Lane Tiffin, Ohio 44883.

15.  On or about July 29, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Florence regarding the Charges of Discrimination brought by Florence against Mercy Health in EEOC Agency Charge No. 532-2022-00601.

16.  Florence received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

17.  Florence has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

18.  Florence has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

19.  Florence has properly exhausted her administrative remedies pursuant to R.C. § 4112.01 *et seq*.

## **FACTS**

20.  Florence is a former employee of Mercy Health.

3

21.    In or around August 2017, Mercy Health hired Florence as a Registered Nurse ("RN").

22.    Florence was a devoted employee with Mercy Health for over three years.

23.    As a result of the COVID-19 Pandemic, Mercy Health created the Covid Absentee Division ("CAD").

24.    CAD worked with Mercy Health to create policies for employees to return to work after Covid ("Covid Policies").

25.    Under the Covid Polices, employees wishing to return to work must be symptom free without the use of medication for three days in a row.

26.    On April 1, 2020, one of Florence's clients tested positive for the COVID-19 virus ("Patient Covid Test").

27.    As a result of the Patient Covid Test, Florence entered what she thought would be a two-week quarantine ("Initial Quarantine").

28.    During the first week of the Initial Quarantine, Florence began experiencing shortness of breath, fever, and headaches ("COVID-19 Symptoms").

29.    During the Initial Quarantine, Florence Reported her COVID-19 symptoms to Mercy Health ("Report to Mercy Health").

30.    During the Report to Mercy Health, Mercy Health directed Florence to communicate with CAD.

31.    During the Initial Quarantine, Florence reported her symptoms to CAD.

32.    During the Initial Quarantine, Florence was diagnosed with Long Covid.

33.    Long Covid is a recurrence of Covid-19 symptoms over a prolonged period of time.

34.    Suffering from Long Covid substantially limits Florence's pulmonary functions.

35.    The symptoms of Long Covid substantially impaired one or more of Florence's major life functions, including breathing and/or working.

36.    As a result of suffering from Long Covid, Florence is considered disabled.

37.     As a result of suffering from Long Covid, Florence has a record of disability.

38.     As a result of suffering from Long Covid, Florence is and was considered disabled within the meaning of the ADA 42 U.S.C. § 12101 *et seq.*

39.     As a result of suffering from Long Covid, Florence is and was considered disabled within the meaning of R.C. § 4112.01 *et seq.*

40.     Florence disclosed to Mercy Health that she was diagnosed with Long Covid.

41.     Alternatively, Mercy Health perceived Florence to be disabled as a result of suffering from Long Covid.

42.     Despite any real or perceived condition, Florence could perform her essential job functions with or without reasonable accommodations.

43.     During the Initial Quarantine, Florence was tested for Covid-19 multiple times.

44.     During the Initial Quarantine, the multiple Covid tests Florence took came back negative.

45.     Despite providing Mercy Health with multiple negative COVID tests, Mercy Health would not allow Florence to return to work.

46.     During the Initial Quarantine, Mercy Health advised Florence that she could not return to work until she had no symptoms of the COVID-19 virus for three straight days.

47.     During the Initial Quarantine, Florence never registered a three-day period without symptoms.

48.     On or about May 22, 2020, Florence was symptom-free for three days in a row.

49.     On or about May 22, 2020, Florence returned to work at Mercy Health.

50.     On or around July 10, 2020, Mercy Health sent Florence home with a fever.

51.     On or around July 10, 2020, Florence entered her second round of Covid Protocols ("Second Round").

52.     On or around July 10, 2020, Florence requested FMLA leave to cover her absences for her own serious medical condition.

53. Mercy Health is a covered employer under the FMLA.

54. As of July 10, 2020, Florence had been employed by Mercy Health for at least 12 months.

55. As of July 10, 2020, Florence had worked at least 1,250 hours over the previous 12 months for Mercy Health.

56. As of July 10, 2020, Florence qualified for FMLA leave for her own serious medical condition.

57. As of July 10, 2020, Florence was eligible to utilize FMLA leave for her own serious medical condition.

58. As of July 10, 2020, Florence was entitled to utilize FMLA leave for her own serious medical condition.

59. As a result of approving Florence's FMLA leave request, Mercy Health had a record that Florence had a disability.

60. As a result of approving Florence's FMLA leave request, Mercy Health had knowledge that Florence had a disability.

61. On or around July 17, 2020, Florence got tested for Covid-19 ("July 17 Covid Test").

62. Florence's July 17 Covid Test was negative.

63. Florence advised Mercy Health that she tested negative as a result of the July 17 Covid Test ("Covid Report").

64. Despite advising Mercy Health that the July 17 Covid Test came back negative, Mercy Health refused to allow Florence to return to work.

65. After the Covid Report, CAD refused to allow Florence to return to work because she still had a fever.

66. During the Second Round, Florence reported her symptoms to CAD every three to four days.

67. During the Second Round, Mercy Health never allowed Florence to return to work.

68. Mercy Health did not allow Florence to return to work because of her disability.

69. Mercy Health did not allow Florence to return to work because of a perceived disability.

70. Mercy Health's refusing Florence's requests to return to work was disability discrimination.

71. Mercy Health did not allow Florence to return to work in retaliation for her utilizing FMLA leave.

72. Florence contacted Mercy Health about receiving reasonable accommodations for her disability ("Plea for Reasonable Accommodations").

73. During the Plea for Reasonable Accommodations, Florence requested to return to work at Mercy Health.

74. During the Plea for Reasonable Accommodations, Florence requested to return to work at Mercy Health, on PRN status, so she could work periodically.

75. During the Plea for Reasonable Accommodations, Florence requested to return to work at Mercy Health and manage her symptoms with medication.

76. During the Plea for Reasonable Accommodations, Mercy Health failed to engage in an interactive discussion with Florence about possible accommodations.

77. During the Plea for Reasonable Accommodations, Mercy Health refused to grant Florence's request for reasonable accommodations to return to work.

78. Upon information and belief, Mercy Health does not have any documents to support that it engaged in the interactive discussion with Florence to discuss whether and/or how to accommodate her medical condition.

79. Mercy Health's failure to have an interactive discussion with Florence is disability discrimination.

80. Mercy Health's failure to have an interactive discussion with Florence is retaliation for Florence having utilized FMLA leave.

81. On or about February 14, 2021, Mercy Health terminated Florence's employment.

82. Mercy Health's purported reason for terminating Florence's employment was due to her not having worked since July 2020.

83. Upon information and belief, Mercy Health has a progressive disciplinary policy.

84. Upon information and belief, Mercy Health's disciplinary policy calls for escalating levels of discipline beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

85. Florence did not receive a verbal warning.

86. Florence did not receive a written warning.

87. Florence did not receive a second written warning.

88. By terminating Florence's employment, Mercy Health violated its own progressive discipline policy.

89. Upon information and belief, Mercy Health uses its progressive discipline policy when it disciplines non-disabled employees.

90. Upon information and belief, Mercy Health uses its progressive discipline policy when it disciplines employees it does not perceive to be disabled.

91. Upon information and belief, Mercy Health uses its progressive discipline policy when it disciplines employees that have not utilized FMLA leave.

92. Mercy Health violated its own progressive discipline policy when it terminated Florence's employment because of her disability.

93. Mercy Health violated its own progressive discipline policy when it terminated Florence's employment because of her perceived disability.

94. Mercy Health violated its own progressive discipline policy when it terminated Florence's employment in retaliation for Florence utilizing FMLA leave.

8

95. Mercy Health's purported reason for terminating Florence's employment is pretext for disability discrimination.

96. Mercy Health's purported reason for terminating Florence's employment is pretext for FMLA retaliation.

97. Mercy Health terminated Florence's employment because of Florence's disability.

98. Alternatively, Mercy Health terminated Florence's employment because of her record of disability.

99. Alternatively, Mercy Health terminated Florence's employment because of a perceived disability.

100. Mercy Health terminated Florence's employment because she requested a reasonable accommodation.

101. Mercy Health terminated Florence in retaliation for Florence's utilization of FMLA leave.

102. Mercy Health did not proffer a legitimate non-discriminatory reason for terminating Florence's employment.

103. Mercy Health did not proffer a legitimate non-retaliatory reason for terminating Florence's employment.

104. Upon information and belief, subsequent to Mercy Health terminating Florence's employment, Mercy Health hired a non-disabled person to replace Florence.

105. Florence suffered and continues to suffer damages as a result of Mercy Health's conduct.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND AMENDMENTS ACT

106. Florence restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

107. During her employment with Mercy Health, Florence suffered from and continues to suffer from Long Covid.

108. Mercy Health became aware that Florence suffered from Long Covid during her employment.

109. Florence's condition constituted a physical impairment.

110. Suffering from Long Covid substantially impairs one or more of Florence's major life functions, including working and/or breathing.

111. Suffering from Long Covid substantially limits Florence's pulmonary functions.

112. Florence has a record of a disability as a result of suffering from Long Covid.

113. As a result of suffering from Long Covid, Florence is disabled.

114. In the alternative, Mercy Health perceived Florence as being disabled.

115. Despite any real or perceived disability, Florence could perform her essential job functions with or without reasonable accommodations.

116. Mercy Health treated Florence differently than other similarly situated employees based on her disability.

117. Alternatively, Mercy Health treated Florence differently than other similarly situated employees based on her perceived disability.

118. Mercy Health discriminated against Florence based on her actual or perceived disability.

119. Mercy Health violated 42 U.S.C. § 12101 *et seq*. by discriminating against Florence based on her disability.

120. Mercy Health violated 42 U.S.C. § 12101 *et seq.* by discriminating against Florence based on her perceived disability.

121. Florence requested accommodations from Mercy Health to assist with her disabilities including returning to work after multiple negative COVID tests and managing her symptoms with medication.

122. Florence's requested accommodations were reasonable.

123. There was an accommodation available that would have been effective and would have not posed an undue hardship to Mercy Health.

124. Mercy Health failed to engage in the interactive process of determining whether and/or how to accommodate Florence.

125. Mercy Health failed to provide an accommodation.

126. On or about February 14, 2021, Mercy Health terminated Florence's employment without just cause.

127. Mercy Health terminated Florence's employment based on her disability.

128. Mercy Health terminated Florence's employment based on her perceived disability.

129. Mercy Health violated 42 U.S.C. § 12101 *et seq.* when it terminated Florence's employment based on her disability.

130. Mercy Health violated 42 U.S.C. § 12101 *et seq.* when it terminated Florence's employment based on her perceived disability.

131. As a direct and proximate result of Mercy Health's conduct, Florence suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C § 4112.01 *et seq.***

132. Florence restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. During her employment with Mercy Health, Florence suffered from and continues to suffer from Long Covid.

134. Mercy Health became aware that Florence suffered from Long Covid during her employment.

135. Florence's condition constituted a physical impairment.

136. Suffering from Long Covid substantially impairs one or more of Florence's major life functions, including working and/or breathing.

137. Suffering from Long Covid substantially limits Florence's pulmonary functions.

138. Florence has a record of a disability as a result of suffering from Long Covid.

139. As a result of suffering from Long Covid, Florence is disabled.

140. In the alternative, Mercy Health perceived Florence as being disabled.

141. Despite any real or perceived disability, Florence could perform her essential job functions with or without reasonable accommodations.

142. Mercy Health treated Florence differently than other similarly situated employees based on her disability.

143. Alternatively, Mercy Health treated Florence differently than other similarly situated employees based on her perceived disability.

144. Mercy Health discriminated against Florence based on her actual or perceived disability.

145. Mercy Health violated R.C. R.C. § 4112.01 *et seq*. by discriminating against Florence based on her disability.

146. Mercy Health violated R.C. § 4112.01 *et seq*. by discriminating against Florence based on her perceived disability.

147. Florence requested accommodations from Mercy Health to assist with her disabilities including returning to work after multiple negative COVID tests and managing her symptoms with medication.

148. Florence's requested accommodations were reasonable.

149. There was an accommodation available that would have been effective and would have not posed an undue hardship to Mercy Health.

150. Mercy Health failed to engage in the interactive process of determining whether Florence needed an accommodation.

151. Mercy Health failed to provide an accommodation.

152. Mercy Health violated R.C. §4112.01 *et seq.* by failing to provide Florence a reasonable accommodation.

153. On or about February 14, 2021, Mercy Health terminated Florence's employment without just cause.

154. Mercy Health terminated Florence's employment based on her disability.

155. Mercy Health terminated Florence's employment based on her perceived disability.

156. Mercy Health violated R.C. § 4112.01 *et seq.* when it terminated Florence's employment based on her disability.

157. Mercy Health violated R.C. § 4112.01 et seq. when it terminated Florence's employment based on her perceived disability.

158. Florence suffered emotional distress as a result of Mercy Health's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

159. As a direct and proximate result of Mercy Health's conduct, Florence suffered and will continue to suffer damages, including economic and emotional distress damages.

## **COUNT III: RETALIATION IN VIOLATION OF THE FMLA**

160. Florence restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

161. Florence qualified for FMLA leave.

162. Florence was eligible to utilize FMLA leave.

163. Florence was entitled to utilize FMLA leave as a result of her own serious medical condition.

164. Mercy Health is a qualified employer under the FMLA.

165. During her employment, Florence utilized FMLA leave.

166. After Florence utilized her qualified FMLA leave, Mercy Health retaliated against her.

167. Mercy Health retaliated against Florence by failing to provide Florence a reasonable accommodation.

168. Mercy Health retaliated against Florence by terminating her employment.

169. Mercy Health retaliated against Florence for using FMLA leave.

170. Mercy Health willfully retaliated against Florence in violation of U.S.C. § 2615(a).

171. As a direct and proximate result of Mercy Health's wrongful conduct, Florence is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorneys' fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Florence respectfully requests relief against Mercy Health as set forth below:

(a) Issue an order requiring Mercy Health to restore Florence to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Florence for compensatory damages, non-compensatory damages, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Florence's claims as allowable under law;

(e)  An award of the taxable costs of this action; and

(f)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com
           shelia.degraffinried@spitzlawfirm.com
           kevin.buryanek@spitzlawfirm.com

*Attorneys For Plaintiff Christa Florence*

## **JURY DEMAND**

Plaintiff Christa Florence demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**